CASE 68—PETITION EQUITY—JUNE 9.

## Trimble, &c. v. Shawhan, &c.

APPEAL FROM HARRISON CIRCUIT COURT.

1. DEFEASIBLE FEE—CONSTRUCTION OF DEED.—Under a deed which conveys to one, land in trust for the use and benefit of the beneficiary named therein "to have and to hold the above described property with all the appurtenances thereunto belonging unto the second party as trustee for the use and benefit of the said Hubbard W. Shawhan, until he shall have attained the age of twenty-one years, after which time he shall assume control of said property for himself. Should the said Hubbard W. Shawhan die without heirs of his body, then the above described property shall revert to the estate of the first party," the beneficiary in the deed takes a defeasible fee subject to be defeated by his death without heirs of his body; and if at the time of his death he left heirs of his body the fee would become perfect, and would descend to said heirs provided he did not otherwise dispose of the same.

BLANTON & BERRY FOR APPELLANTS.

1. Words used by a grantor in a deed are to be most strongly construed against the grantor, and where two repugnant clauses exist the first prevails in a deed. 2d, Minor's Institutes, p. 1066; 2 Blackstone's Com., 38; Kentucky Statutes, 342.

2. Where the grantor in a deed conveys an absolute estate to the

grantee, and at the conclusion of the habendum uses this language, that should the said grantee "die without heirs of his body, then the above described property shall revert to the estate of the first party." the grantor does not intend to destroy the fee previously conveyed, but merely provides against the estate passing in the grantor's lifetime to others than the grantor's heirs or the grantee's bodily heirs, should he die leaving bodily heirs. The contingency was the grantor's death and provided against a lapse of the estate. Therefore upon the death of the grantor, the grantee being still alive, takes a fee simple to the property conveyed. 2d Minor's Institute, 425, 383, 1065 and 1066; Fearne on Remainder, 385 and note; 2d Blackstone's Com., 265; Rayfield v. Gaines, 17 Grattan, 1; Barksdale v. White, 28 Grattan, 227; Stark v. Liscomb, 29 Grattan, 329; Wills v. Wills, 8 Ky. Law Rept., 76; Martin v. Renaker, 10 Ky. Law Rept., 469.

3. An executory limitation can not be inferred from the language used, because it is admitted that the heirs of the grantee would inherit the property from him, and not from the grantor under the deed.

4. A life estate in the grantee with remainder to grantee's heirs can not be inferred, because not created by the deed.

SWINFORD & EVANS for appellees.

1. It was the intention of the grantor to convey only a life estate to the beneficiary in the deed. Mitchell v. Simpson, 88 Ky., 125 (10 Ky. Law Rept., 708); this is manifest from the fact that the grantor made final disposition of the same property in his will, which was made eighteen months after the execution of the deed.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellee, H. W. Shawhan made an assignment of his property to S. F. Patterson for the benefit of his creditors. Sometime afterwards Patterson died and J. Q. Ward was appointed in his place.

The only question presented for decision is as to the title. of H. W. Shawhan to a certain tract of land conveyed by II. E. Shawhan to Annie D. Shawhan, as trustee for Hubbard

W. Shawhan. The material portion of the deed reads as follows: "This indenture made and entered into this 9th day of February, 1882, between H. E. Shawhan, of the county of Harrison, and State of Kentucky, of the first part, and Annie D. Shawhan, of the county of Boone, and State aforesaid, as trustee for Hubbard W. Shawhan, of the county and State last above written, of the second part,

Witnesseth: That for and in consideration of one dollar, cash in hand paid, the receipt whereof is hereby acknowledged, and for the consideration of the natural love and affection he bears toward the said Hubbard W. Shawhan, the party of the first part has bargained, sold and conveyed, and by these presents doth bargain, sell and convey unto the party of the second part as trustee aforesaid, all that tract or parcel of land situated on the waters of Townsend in the counties of Bourbon and Harrison, State of Kentucky, and described and bounded as follows:

have and to hold the above described property with all the appurtenances thereunto belonging unto the second party as trustee for the use and benefit of the said Hubbard W. Shawhan, until he shall have attained the age of twenty-one years, after which time he shall assume control of said property for himself.

Should the said Hubbard W. Shawhan die without heirs of his body, then the above described property shall revert to the estate of the first party."

The contention of the appellants is that H. W. Shawhan was vested with a fee to the land mentioned in the deed; while the heirs of H. E. Shawhan, the vendor, contend that in the event of the death of H. W. Shawhan without issue

the land reverts to the estate of the vendor. It is insisted by appellants that the decision of this court in Wills v. Wills, 8th Ky. L. Rep., 77, conclusively settles that the true meaning of the expression in the deed is that, if H. W. Shawhan should die before the death of the vendor, without issue, then in that event only would the land revert to the estate of the vendor; but it will be seen that the case *supra* was discussing the intention of the testator and construing a will and not a deed. It is manifest that some title and interest was intended to immediately vest in H. W. Shawhan, or in his trustee for his benefit, and we fail to see anything in the language used in the deed which provides that the fee should remain defeasible during the lifetime only of the vendor and become absolute after his death. The court below held that H. W. Shawhan took a life estate in the land with remainder to the heirs of his body, and if he left no heirs then the land reverted to the estate of H. E. Shawhan. The court further adjudged that no greater interest than a life estate in the land could be subjected to the payment of H. W. Shawhan's debts, and from that judgment appellants have appealed.

It is manifest to us that the deed passed to H. W. Shawhan a defeasible fee. That if at the time of his death he left heirs of his body, the fee would become perfect and would descend to his heirs, provided he did not otherwise dispose of the same. It therefore follows, that the entire interest of said Shawhan is subject to sale under the assignment for the benefit of his creditors, and that the purchaser will acquire the same title now held by the said Shawhan, namely defeasible fee and if at the time of said Shawhan's death he

has heirs of his body the title of said purchaser will be a perfect fee simple title, but if no such heirs be alive the land will revert to the estate of the vendor, H. E. Shawhan, as provided in said deed.

For the reasons given the judgment of the court below is reversed and the case remanded for further proceedings consistent with this opinion.